UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

DONALD EWARD EVANS,                )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    Civil Action No. 15-CV-79-DLB
                                   )
TERRY CARL, *et al.*,              )    **MEMORANDUM OPINION**
                                   )    **AND ORDER**
     Defendants.                   )
                                   )

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

**INTRODUCTION**

Plaintiff Donald Edward Evans is an inmate confined by the Kentucky Department of Corrections in the Kenton County Detention Center ("KCDC") located in Covington, Kentucky. Evans has filed a *pro se* civil rights complaint alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. Evans alleges that the named defendants[1] have violated his right of access to the courts guaranteed by the First Amendment of the U.S. Constitution, and his right to assist in his own criminal defense, a right which he contends is guaranteed by the Fourteenth Amendment of the U.S. Constitution. By separate Order, Evans has been granted *in forma pauperis* status.

The Court has conducted a preliminary review of Evans's complaint because he asserts claims against government officials and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Because Evans is proceeding without an

---

[1] The named defendants are the KCDC and Terry Carl, Jailer of the KCDC.

attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But as explained below, the Court determines that Evans has not alleged a claim upon which relief can be granted as to his allegations that the defendants have denied him access to the courts and/or prevented him from assisting in his criminal defense.

## ALLEGATIONS OF THE COMPLAINT

Evans alleges that between January 21, 2015, and February 21, 2015, he submitted several requests to unidentified KCDC officials asking to use the KCDC law library, but that in response, he was told "…to look in the one law book in the dorm." [R. 2, p. 2]. Evans alleges that he told KCDC Deputy Jennings that he wanted to research some federal laws, statutes, and regulations, but that Jennings informed him that the KCDC does not have a law library and that he (Evans) should contact an attorney. [*Id.*] Evans alleges that in order "…to defend himself against the Court," he needed, and still needs, legal aid "…or at the very least a law library." [*Id.*] Evans states that the one law book to which he has access does not show him how to prepare motions.

Evans readily admits that he did not file a grievance asserting his claims, stating "A civil rights violation does not require a grievance." [*Id.*, p. 5]. Evans seeks an order directing the KCDC to "have a functioning law library with legal aid, inmate or civilian." [*Id.*, p. 8].

**DISCUSSION**

Federal law requires all inmates, whether state or federal, to exhaust their administrative remedies prior to filing suit. 28 U.S.C. § 1997e(a). When the failure to comply with this requirement is apparent from the face of the complaint, dismissal of the complaint without prejudice is appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (stating that a district court can dismiss a complaint *sua sponte* when it is apparent from the face of the complaint that the claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where the complaint was clear that the prisoner failed to exhaust his administrative remedies, *sua sponte* dismissal was proper); *Fletcher v. Myers*, No. 5:11-CV-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Smith v. Lief*, No. 10-08-JMH, 2010 WL 411134, at *4 (E.D. Ky. Jan. 27, 2010); *Gunn v. Ky. Dept. of Corrections*, No. 5:07CV-P103-R, 2008 WL 2002259, at *4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

Under *Jones v. Bock*, Evans's admitted failure to pursue the grievance process at the KCDC justifies dismissal of his complaint without prejudice. Other grounds, however, warrant the dismissal of his § 1983 complaint *with* prejudice.

Evans asserts that the KCDC has not provided him with sufficient access to a law library, legal materials, and legal assistance, in violation of his First Amendment right of

access to the courts.  Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have a duty to protect.  *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977).  The State adequately provides defendants access to the courts when it provides them either an attorney or access to a law library.  *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).  Prisoners may not dictate the method by which access to the courts will be assured.  *Penland v. Warren County Jail*, 759 F.2d 524, 531 n. 7 (6th Cir.1985) *(en banc)*.  *See also Lewis v. Casey*, 518 U.S. 343, 351-354 (1996).

However, a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement.  *Lewis*, 518 U.S. at 355; *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).  Here, Evans does not allege that he needed a law library or legal assistance to file or participate in a direct criminal appeal, a habeas corpus petition, or a civil rights claim challenging the conditions of confinement; he alleges only in broad terms that he wanted to research some "federal statutes and regulations."

According to the KDOC's website, Evans, KDOC Register No. 131872, was recently convicted in the Kenton County Circuit Court of several felony offenses. On March 24, 2015, Evans was convicted of two counts of Possession of Controlled Substances (Opiates), a Class "D" Felony, in Case No. 14-CR-478.  On March 27, 2015, Evans was convicted of Possession of a Handgun by a Convicted Felon, a Class "C" Felony, in Case No. 14-CR-308.  On March 18, 2015, Evans was convicted of First Degree Bail Jumping, a Class "D" Felony, in Case No. 14-CR-725.  *See* http://kool.corrections.ky.gov/KOOL/Details/8519 (last visited on May 28, 2015).

4

Evans's parole eligibility date is November 9, 2016, and his Minimum Expiration of Sentence Date (Good Time Release Date) is March 29, 2022. *Id.*

This Court has reviewed the docket sheet of the three Kenton Circuit Court criminal proceedings identified above, and in all three of these cases, Evans was represented by Public Advocate Ashley Graham.  Further, the docket sheets of these three criminal proceedings reveal that Evans pleaded guilty to all of the aforementioned offenses, *and* that he was sentenced on the dates of March 18, 2015 and March 24, 2105, respectively.  Thus, to the extent that Evans complains about the lack of a law library at the KCDC while his criminal cases were pending in the Kenton Circuit Court, he states no First Amendment claim because he was represented in all of his criminal cases by Public Advocate Ashley Graham.  Further, to the extent that Evans alleges in his § 1983 complaint that he *currently* requires either legal assistance or access to a law library to "defend himself against the Court," his allegations are misleading, if not patently incorrect, because no criminal charges are currently pending against Evans.

To establish a § 1983 claim concerning a denial of access to the courts, a plaintiff must demonstrate some prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351.  This can be accomplished by demonstrating that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, a plaintiff must show that the alleged deprivation was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003) ("[T]o establish an

access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent").

Evans's complaint does not allege that the absence of a law library at the KCDC resulted in either the late filing of a court document or the dismissal of an otherwise meritorious claim, nor does it allege that any other KCDC official denied him access to legal materials or legal assistance in order to impede his criminal proceedings. Evans neither alleges nor establishes prejudice, *i.e.*, that any of his constitutionally-guaranteed legal proceedings have been compromised by the asserted deficiencies at the KCDC.

Further, Evans alleges no facts indicating that Jailer Terry Carl personally or directly violated his First Amendment rights. In the context of a § 1983 claim, a supervisor is not liable for actions of her subordinates unless he or she personally participated in the offensive conduct. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Evans alleges no such facts concerning KCDC Jailer Terry Carl.

To the extent that Evans invokes the Fourteenth Amendment of the U.S. Constitution as support for his claim that he is entitled to the right to assist in his "defense against the Court," he is mistaken, because the Fourteenth Amendment does not state that a person has the right to assist in his own defense. It does guarantee the

right to due process of law, but Evans alleges no facts indicating that he has been denied due process of law in any respect. Evans alleges that he has been denied his right of access to the courts in violation of the First Amendment of the U.S. Constitution, but as explained above, the Court has concluded that Evans's First Amendment claim lacks merit.

Finally, in order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006). Because a detention center (or a jail) is not a municipality, but rather a building wherein prisoners are held, it is not a "person" amenable to suit under § 1983. *Coffey v. Miami County Jail*, No. 3:05-CV-383, 2007 WL 316262 *2 (S.D. Ohio Jan 29, 2007); *Johnson v. Blackwelder*, No. 4:08-CV-91, 2009 WL 1392596 *4 (E.D. Tenn. May 15, 2009). Therefore, because the KCDC is not an entity which can be sued, Evans's claims against the KCDC fail to state a claim upon which relief can be granted.

In summary, Evans's allegations are insufficient to support a federal civil rights claim for denial of right of access to the courts. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). For these reasons, Evans's § 1983 complaint fails to state a claim upon which relief can be granted. His complaint will be dismissed and Judgment will be entered in favor of the defendants.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff Donald Edward Evans's 42 U.S.C. § 1983 civil rights Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

(2) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 9th day of June, 2015.

Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\ProSe\Evans 15-79-DLB Dism 1983 CKS.doc